09-3850-cv(L); 09-3920-cv(XAP)
A.H. v. Dep't of Educ. of City of N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of August , two thousand ten.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           GERARD E. LYNCH,
                    *Circuit Judges.*

----------------------------------------------------------------
A.H., on behalf of J.H., an infant,
           *Plaintiff-Appellant-Cross-Appellee*,


                    v.                                        Nos.   09-3850-cv(L)
                                                                     09-3920-cv(XAP)

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,
           *Defendant-Appellee-Cross-Appellant*.
----------------------------------------------------------------

APPEARING FOR APPELLANT:      STEWART LEE KARLIN, Law Offices of Neal
                              H. Rosenberg, New York, New York.

APPEARING FOR APPELLEE:       JANET L. ZALEON (Kristin M. Helmers, Toni
                              Gantz, *on the brief*), *for* Michael A. Cardozo,
                              Corporation Counsel of the City of New York,
                              New York, New York.

Appeal from the United States District Court for the Eastern District of New York

(Charles P. Sifton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on August 21, 2009, is AFFIRMED in part and REVERSED in part, and the case is REMANDED.

Plaintiff A.H., proceeding on behalf of her son J.H., an infant, appeals from an award of summary judgment in favor of defendant New York City Department of Education ("DOE") on plaintiff's claim under the Individuals with Disabilities Education Act ("IDEA" or "Act"), 20 U.S.C. § 1400 et. seq., seeking reimbursement for the cost of J.H.'s private school tuition at the Mary McDowell Center for Learning for the 2007-08 school year. A.H. further challenges the district court's determination that the Individualized Education Program ("IEP") developed for J.H. for that school year was legally sufficient in all but two respects. The DOE cross-appeals from the district court's declaratory judgment that the IEP was substantively and procedurally deficient in two respects, such that it failed to offer J.H. a free appropriate public education in violation of the Act. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Standard of Review

While we review de novo an award of summary judgment in an IDEA case, see Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 191 (2d Cir. 2005), we nevertheless "must give due weight to the administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy," T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist., 554 F.3d 247,

2

252 (2d Cir. 2009) (internal quotation marks and brackets omitted).  In short, independent review "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review."  Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982).  Deference to administrative proceedings is "particularly warranted" where, as here, the district court's review is based solely on the administrative record.  Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 113 (2d Cir. 2007).

2.      Adequacy of the IEP

The district court concluded that the IEP at issue was procedurally deficient because no special education teacher of J.H.'s participated in the committee that formulated the IEP, see 34 C.F.R. § 300.321(a)(3), N.Y. Comp. Codes R. & Regs. tit. 8, § 200.3(a)(1)(iii), and substantively deficient because it failed to address one of J.H.'s particular disabilities – a high level of distractibility – during transitions in the school day and in interactions with large groups of children.  Because this conclusion failed to accord sufficient deference to the decisions of the Impartial Hearing Officer ("IHO") and State Review Officer ("SRO"), both of whom concluded that the IEP offered J.H. a free appropriate education, we reverse the declaratory judgment in favor of A.H.  We further reject as without merit A.H.'s arguments that the district court failed to recognize additional procedural and substantive deficiencies in the IEP.

a. Procedural Compliance

Assuming without deciding that J.H.'s special education teacher was, in fact, absent from both committee meetings – a point on which the record is ambiguous[1] – we conclude that this procedural error did not render the IEP inadequate. See Grim v. Rhinebeck Cent. Sch. Dist, 346 F.3d 377, 381-82 (2d Cir. 2003) (holding that not every procedural error in development of IEP renders that plan legally inadequate). Relief is warranted only if we conclude, based on our independent review of the record, that the error denied J.H. a free appropriate public education. See J.D. ex rel. J.D. v. Pawlet Sch. Dist., 224 F.3d 60, 69 (2d Cir. 2000). IDEA instructs that such a conclusion is warranted only where the procedural deficiencies (1) "impeded the child's right to a free appropriate public education," (2) "significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a free appropriate public education," or (3) "caused a deprivation of educational benefits." 20 U.S.C. § 1415(f)(3)(E)(ii). None of these criteria is met here.

Even if J.H.'s special education teacher did not participate in formulating the challenged IEP, a certified special education teacher who taught and served as an IEP coordinator at J.H.'s school did so. Like the SRO, we conclude that nothing in the record

[1] Among the people who signed in at the first committee meeting to formulate the IEP were Dina Gabriel and Jolie Lerner, identified elsewhere in the record as J.H.'s teachers. Because New York regulations require that classes providing instruction to both disabled and nondisabled students include, at a minimum, a special education teacher and a general education teacher, see N.Y. Comp. Codes R. & Regs. tit. 8, § 200.6(g), and because the record identified Ms. Gabriel as J.H.'s general education teacher, an inference might be drawn that Ms. Lerner was J.H.'s special education teacher. For purposes of this appeal, however, we make no such assumption.

4

indicates that this teacher "in any way lacked knowledge regarding the special education program options for the student." August 29, 2008 SRO Op. at 10-11. Also in attendance at the relevant committee meetings were both of J.H.'s parents, a school psychologist, and J.H.'s general education teacher, with whom A.H. had discussed J.H.'s special education needs and the results of a thorough psychological evaluation by Dr. Jody E. Brandt. J.H.'s occupational therapist also attended the first of the two meetings. The IEP that resulted from the team's collaborative efforts was based on J.H.'s particular needs, as detailed by his parents, teachers, speech and occupational therapists, a social worker, and Dr. Brandt. The record indicates that J.H.'s parents actively participated in the formulation of the IEP. Indeed, it appears that A.H. played an instrumental role in securing J.H.'s proposed move to a "12:1:1" classroom with twelve students, a special education teacher, and a paraprofessional, as endorsed by Dr. Brandt.

On this record, we conclude that the absence of J.H.'s special education teacher did not impede the child's right to a free appropriate education, limit the parents' ability to participate in the decisionmaking process, or result in the denial of educational benefits. Further, for these reasons and those stated in the district court and SRO opinions, we conclude that the record does not support A.H.'s claims that the committee formulating J.H.'s IEP (1) did not consider sufficient evaluative data, (2) ignored the evaluation of Dr. Brandt, (3) failed adequately to discuss the IEP's goals and recommendations with J.H.'s parents, and (4) arbitrarily adjusted the IEP to assign J.H. to a 12:1:1 classroom.

5

In sum, we conclude that neither the procedural failing recognized by the district court nor those alleged by A.H. denied J.H. the education to which he was entitled under the Act.

b.        Substantive Compliance

The district court concluded that the IEP failed to take into account J.H.'s distractibility during transitions and his difficulty interacting with large groups of children. Specifically, it determined that the proposed schedule would result in J.H. experiencing a "20 minute delay in focusing following the lunch and recess period and following each transition to a new classroom," which "would significantly impact J.H.'s classroom experience." A.H. v. N.Y. City Dep't of Educ., 652 F. Supp. 2d 297, 311 (E.D.N.Y. 2009).

IDEA does not require that an IEP furnish "every special service necessary to maximize each handicapped child's potential." Bd. of Educ. v. Rowley, 458 U.S. at 199. Rather, "a school district fulfills its substantive obligations under the IDEA if it provides an IEP that is likely to produce progress, not regression, and if the IEP affords the student with an opportunity greater than mere trivial advancement." T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist., 554 F.3d at 254 (internal quotation marks and alteration omitted); see also Cerra v. Pawling Cent. School Dist., 427 F.3d at 195.

Here, the IEP specifically addressed J.H.'s difficulty in dealing with large groups of children by proposing to move him from a classroom of twenty-four students to a 12:1:1 classroom. The IHO described the latter environment as "a far cry from the bustling collaborative team teaching setting of the prior kindergarten classroom that had failed." June 10, 2008 IHO Op. at 4. The IEP further provided for two thirty-minute sessions per week

6

of individualized speech and language therapy, two thirty-minute sessions per week of individualized occupational therapy, and one thirty-minute session of small-group speech and language therapy. The IEP included a Behavior Intervention Plan that addressed J.H.'s distractibility and set goals and strategies for improving his focus. Finally, the IEP indicated that the district considered placing J.H. in a specialized school but, in keeping with its statutory obligation to educate J.H. in the least restrictive environment suitable for his needs, see 20 U.S.C. § 1412(a)(5)(A); Cave ex rel. Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d Cir. 2008), rejected such a placement because J.H. "benefits from having typically developing peers as role models[,] which he will have in a community school program" such as that provided in the IEP, J.A. at 326.

This record amply supports the SRO's conclusion that the IEP was reasonably calculated to provide J.H. with educational benefits as mandated by IDEA, despite his distractibility. The relevant inquiry was not whether the proposed IEP provided all possible support to ensure that J.H. did not lose focus, but rather whether objective evidence indicated that the child was likely to progress, not regress, under the proposed plan. See Cerra v. Pawling Cent. Sch. Dist., 427 F.3d at 196; see also Bd. of Educ. v. Rowley, 458 U.S. at 206 (holding that court may not impose demands on district greater than those required by Act). According due deference to school authorities, we conclude that the challenged IEP afforded J.H. a sufficient likelihood of progress to satisfy IDEA's substantive requirements. See Grim v. Rhinebeck Cent. School Dist., 346 F.3d at 382 ("[T]he sufficiency of goals and strategies

7

in an IEP is precisely the type of issue upon which the IDEA requires deference to the expertise of the administrative officers.").

Nor are we persuaded by A.H.'s arguments that the IEP failed to set appropriate goals or adequately address J.H.'s behavioral problems. As noted by the SRO and district court, IEP math goals were unnecessary in light of evaluations indicating that the subject was not a particular area of weakness. Further, the SRO reasonably concluded that J.H.'s significant delays in language skills warranted reading goals set at the kindergarten level. A preponderance of the evidence also supports the SRO's conclusion that the district's failure to conduct a formal "functional behavioral analysis" did not render the IEP's Behavior Intervention Plan deficient, as the plan was directed at J.H.'s difficulty sustaining his attention during educational and group activities.

Because the proposed IEP was thus reasonably calculated to enable J.H. to receive educational benefits, we reverse the district court's declaratory judgment in favor of A.H.[2]

3.    Tuition Reimbursement

A.H. asserts error in the district court's conclusion that she was not entitled to reimbursement for the cost of J.H.'s 2007-08 tuition at the Mary McDowell Center for Learning. See T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist., 554 F.3d at 252. The argument fails in light of our conclusion that the proposed IEP for that year was adequate

_____

[2] Because we reverse the district court's declaratory judgment on the merits, we do not reach the DOE's argument that the court improperly issued a judgment directed at future IEPs.

under the IDEA.  See M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ., 226 F.3d 60, 66 (2d

Cir. 2000); Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 134 (2d Cir. 1998).

4.    Conclusion

For the foregoing reasons, the August 21, 2009 judgment of the district court is

AFFIRMED in part and REVERSED in part, and the case is REMANDED with instructions

to enter judgment in favor of the DOE.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court